IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAURENCE BARKER,

    Plaintiff,

vs.                                    No. CV 18-855 KG/LF

SUNRUN INC. a/k/a CLEAN ENERGY EXPERTS
LLC and Jane Does 1-10,

    Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Sunrun Inc.'s (Sunrun) (incorrectly identified in the caption as "Sunrun Inc. a/k/a Clean Energy Experts LLC") Motion to Dismiss Plaintiff's Complaint with Prejudice, or, Alternatively, without Prejudice and the Declaration of A. Paul Heeringa (collectively, Motion), filed September 19, 2018. (Docs. 9 and 10). Plaintiff Laurence Barker filed his Response in opposition on October 1, 2018. (Doc. 13). Sunrun filed its Reply on October 15, 2018. (Doc. 16). Having considered the briefing, the record, and the applicable law, the Court grants Sunrun's Motion to Dismiss Plaintiff's Complaint with Prejudice, or, Alternatively, without Prejudice (Doc. 9) and dismisses Plaintiff's Complaint without prejudice. Plaintiff may move to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) within fourteen (14) days from the date of entry of this Memorandum Opinion and Order.

I.      Background and Procedural History[1]

This lawsuit stems from three unsolicited calls and one voicemail that Plaintiff received on his cell phone from telemarketers attempting to interest him in purchasing a solar electricity system for his home. (Doc. 10-1) at ¶¶ 18-33. Plaintiff now bring claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the New Mexico Unfair Practices Act (UPA), NMSA § 57-12-22 (1978), and common law claims for nuisance, trespass to chattel, and civil conspiracy.

On May 3, 2017, Plaintiff's Caller ID indicated a call from 505-636-1016, located in Aztec, NM. (*Id.*) at ¶ 18. Plaintiff answered the call and spoke to a live telemarketer for approximately five (5) minutes. (*Id.*) at ¶¶ 18-19. The telemarketer attempted to interest Plaintiff in purchasing a solar electricity system for his home and identified the seller or sponsor of the call as Smart Home Solar, located in San Jose, CA. (*Id.*) at ¶¶ 20-21.

Two weeks later, on May 17, 2017, Plaintiff received a call from 505-207-4578, located in Albuquerque, NM. (*Id.*) at ¶ 22. Plaintiff answered the call and spoke to a live telemarketer for approximately four (4) minutes. (*Id.*) at ¶ 23. The telemarketer again attempted to interest Plaintiff in purchasing a solar electricity system for his home and identified the seller or sponsor of the call as Smart Home Solar in Austin, TX. (*Id.*) at ¶¶ 24-25. During this call, Plaintiff agreed to meet or speak with a local contractor or representative about purchasing a solar system for his home. (*Id.*) at ¶ 26. Later that same day, Plaintiff received a voicemail message from "Cassandra," with Solar Energy Works in Albuquerque, who wanted to set up an appointment

---

[1] All facts contained in this section come from Plaintiff's Complaint (Doc. 10-1). *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990) (when considering motion to dismiss for failure to state claim upon which relief can be granted, Court must accept all well-pleaded allegations as true and must view them in light most favorable to Plaintiff); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

regarding a solar electricity system for Plaintiff's home. (*Id.*) at ¶ 27. Caller ID identified the call as coming from 505-750-3423.

Then, on September 5, 2017, Plaintiff received a call from an unspecified number that turned out to be a live telemarketer, with whom Plaintiff spoke for approximately ten (10) minutes. (*Id.*) at ¶¶ 28-29. The telemarketer again sought to interest Plaintiff in a solar electricity system for his home and identified the seller or sponsor of the call as Solar Works 3 in West Palm Beach, FL. (*Id.*) at ¶¶ 30-31. Plaintiff again agreed to meet or speak with a local contractor or representative about purchasing a solar electricity system for his home. (*Id.*) at ¶ 32. Later that day, Plaintiff received a call from "Maude," with Solar Works Energy, who wanted to set up an appointment regarding a solar electricity system for Plaintiff's home. (*Id.*) at ¶ 33. Around ten a.m. on September 7, 2017, Cassy Rivera arrived at Plaintiff's home and presented a business card identifying her employer as Solar Works Energy. (*Id.*) at ¶ 34.

Plaintiff alleges that he has "sworn statements" from "Nestor," with Solar Works Energy, and from Modernize Inc. which connect the telemarketing calls to "Defendants herein" as the "source of the 'lead,'" meaning Plaintiff's name and phone number. (*Id.*) at ¶¶ 35-36. These allegedly sworn statements are not attached to the Complaint or to the Response.

Plaintiff contends that Defendants are vicariously liable for violations of the TCPA and UPA, and for common law claims because "Defendants herein" provided the "leads" to Nestor" and Modernize. Plaintiff does not allege that Sunrun itself initiated or otherwise placed the offending telephone calls.

Plaintiff filed his Complaint in the Second Judicial District for the State of New Mexico on August 2, 2018. (Doc. 10-1). Sunrun filed its Notice of Removal to this Court on September 12, 2018, based on federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1367. (Doc. 1). Sunrun now moves for dismissal under Rules 12(b)(1) for lack of subject matter jurisdiction, contending Plaintiff did not adequately allege Article III standing; 12(b)(5) for insufficient service of process; and 12(b)(6) for failure to state a claim upon which relief can be granted.

II. Discussion

Plaintiff does not challenge removal of this matter. Nevertheless, it appears that this case meets the requirements for removal under 28 U.S.C. § 1441 because the Complaint clearly invokes federal question jurisdiction and was timely removed. However, as explained below, mere invocation of a federal question and technical compliance with the removal statute alone are not enough to survive the Rule 12(b)(1) challenge in this case.

The Constitution "endows the federal courts with '[t]he judicial Power of the United States.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting Art. III, § 1). While "[t]he judicial Power of the United States" is not fully defined, the Constitution specifies "that this power extends only to 'Cases' and 'Controversies[.]'" *Id.* (quoting Art. III, § 2). No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies. *Id.*; *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc.*, 136 S. Ct. at 1547. "[S]tanding 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Collins v. Daniels*, 916 F.3d 1302, 1312 (10th Cir. 2019) (alteration in original) (quoting *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013)); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (same).

> To satisfy Article III's standing requirements, a plaintiff must show: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or

imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Collins*, 916 F.3d at 1313; *see also Spokeo, Inc.*, 136 S. Ct. at 1547 (same0.

The Court accepts Plaintiff's allegation he suffered an actual, concrete, and particularized injury. But Plaintiff also must show that this injury "is fairly traceable to . . . the defendant," i*d.* and there is no allegation in this complaint that Sunrun made or initiated the calls at issue. The Court notes the complaint alleges Sunrun had an agency relationship with the individuals or entities who actually made the offending phone calls. But this allegation constitutes a legal conclusion, and so it is not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Plaintiff makes no factual allegation in the Complaint that connects or fairly traces the phone calls at issue to Sunrun. Instead, Plaintiff only states he has sworn statements that connect the actions to Sunrun. Perhaps, but the sworn statements are not attached to or incorporated into the Complaint, and so they are not helpful for this analysis. Plaintiff makes additional allegations in his Response to Sunrun's Motion and attached documentation to that Response. Nevertheless, Plaintiff did not make factual allegations or attach affidavits connecting the actions to Sunrun. Plaintiff points to Modernize Inc.'s alleged Supplemental Answers to Interrogatories in a separate lawsuit that states, in relevant part, Modernize Inc. received the "lead" about Plaintiff from Clean Energy Experts. (Doc. 13-5) at 3. But this also is not sufficient. Clean Energy Experts appears to be a wholly owned subsidiary of Sunrun, rather than a "d/b/a" name and is not a defendant in this case, and Plaintiff asserts no facts alleging Sunrun could be held liable for any activities of its subsidiary.

Plaintiff has not alleged facts sufficient to fairly trace the offending phone calls to any conduct of Sunrun. For this reason, the Court concludes Plaintiff lacks Article III standing to bring any of the claims asserted against Sunrun.

The Court next considers this matter under the framework of a Rule 12(b)(6). Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Here again, Plaintiff failed to allege any action or omission by Sunrun that could connect its conduct to the claimed wrongful acts. Plaintiff's alleged connection, that the offending calls were directed by or at the behest of Sunrun and that these callers were in an alleged agency

relationship with Sunrun, constitutes a legal conclusion. As such it cannot be presumed to be true under a 12(b)(6) analysis and, therefore, fails. In light of these conclusions, the Court need not reach Sunrun's argument under Rule 12(b)(5) for insufficient service of process.

As to whether to dismiss this case with or without prejudice, the Court notes dismissal with prejudice constitutes a harsh, disfavored remedy when requested at the motion to dismiss stage. The Court concludes that Plaintiff's Complaint failed to contain necessary factual allegations to assert standing, but it does not further surmise that Plaintiff could not state a claim under any set of facts. Therefore, the Court dismisses this case without prejudice.

IT IS, THEREFORE, ORDERED THAT

1. Defendant Sunrun Inc. a/k/a Clean Energy Experts LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice, or, Alternatively, without Prejudice and the Declaration of A. Paul Heeringa (Docs. 9 and 10), filed September 19, 2018, is GRANTED;

2. Plaintiff Laurence Barker's Complaint is hereby dismissed without prejudice; and

3. Plaintiff may move to file an Amended Complaint within fourteen (14) days from the date of entry of the Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE